## Commonwealth v. Pallerino

*Annette Hutchinson, assistant district attorney,* for the Commonwealth.

*James W. Manolis,* for defendant.

McCRACKEN, *P.J.,* September 12, 1994—At a pretrial hearing held on July 8, 1994, the Commonwealth offered the testimony of Deputy Attorney General Linda H. Barr in an attempt to establish that the electronic interception of the defendant's conversation with a confidential informant was conducted according to law. The applicable statute, 18 Pa.C.S. §5704(2)(ii) allows law enforcement authorities to intercept a communication if one of the parties has given prior consent, provided that approval is given by one of several individuals named in the statute including "a deputy attorney general designated in writing by the attorney general."

Linda H. Barr testified that she is a deputy attorney general currently assigned to the Drug Strike Force in Butler, Pennsylvania, and that over the course of four years she has obtained the consent of many individuals to wiretaps pursuant to the applicable statute. The Commonwealth then sought to introduce a letter purportedly sent to her by the attorney general, bearing the date of November 26, 1990, authorizing her to approve consensual wiretaps. Defense counsel objected that the letter was hearsay. (The witness testified that she was familiar with, and recognized, the signature of the Honorable Ernest D. Preate Jr., Attorney General of Pennsylvania, and that the letter was provided to her by her immediate superior, Chief Deputy Attorney General Andrew Kramer.) The court expressed the opinion that the hearsay objection probably had merit and

declined, for the time being, to admit the letter into evidence.

On August 1, 1994, the Commonwealth filed a motion asking the court to reconsider this ruling. Both sides filed memoranda of law, and a hearing was held on August 29, 1994, at which oral argument was presented. After due consideration of the briefs and arguments, the court now reverses its earlier ruling and holds that the letter in question is not hearsay and is admissible.

Hearsay is traditionally defined as an out-of-court statement offered as proof of the truth of the matter asserted. *Commonwealth v. Smith,* 402 Pa. Super. 257, 586 A.2d 957 (1991). It is generally excluded as incompetent evidence because its reliability depends on the veracity of a person who is not present in court to be cross-examined. See *Semieraro v. Commonwealth Utility Equipment Corporation,* 518 Pa. 454, 544 A.2d 46 (1988). The defendant in this case argues that the letter should fall within the ban of this rule because it is being offered to prove the truth of its contents, *i.e.,* that Linda Barr has been authorized by the attorney general to approve consensual wiretaps.

On reflection, we do not believe that the letter is being offered for this purpose. We believe that the reason for offering the letter as evidence is not to prove that its contents are true, but simply to prove *that the letter exists.*

If Deputy Attorney General Barr is allowed to authorize the type of wiretap that was conducted in this case, the statute requires that she be "designated in writing by the attorney general." The obvious way to prove that she has been designated in writing by the attorney general is to produce in court the written designation, on the attorney general's official letterhead and bearing his signature. Such a letter was produced, and the at-

torney general's signature was authenticated by a witness who was familiar with it. Because of the statutory requirement of a written designation, the letter itself has independent legal significance, without regard to the state of mind of either the sender or recipient. (There is no dispute that the letter is genuine.)

Therefore, the rule that should govern is the rule that testimony as to an out-of-court statement, either oral or written, is not hearsay when it is offered to prove, not that the content of the statement is true, but rather that the statement was made. Thus, in *Bachman v. Artinger,* 285 Pa. Super. 57, 426 A.2d 702 (1981), a statement regarding a dog's pedigree was admissible, not to show that the dog actually had such a pedigree, but to show the understanding under which the dog was sold. And in *Commonwealth v. Samuels,* 235 Pa. Super. 192, 340 A.2d 880 (1975), testimony regarding the existence of signs posted on the property of the defendant and bearing his name was admissible, not to show the truth of the statements on the signs, but to show that they were in fact on the land as evidence of the defendant's control of the property. (Significantly, the Superior Court stated that whether or not the defendant had actually signed his name to the signs, their very existence was competent evidence of the defendant's asserted control over the land. In this case, there is evidence that the attorney general's signature on the letter is authentic.) See also, *Commonwealth v. Wright,* 455 Pa. 480, 317 A.2d 271 (1974); *Commonwealth v. Sampson,* 454 Pa. 215, 311 A.2d 624 (1973). (When the fact that a statement has been made has legal significance, its admission to prove that it was made does not violate the hearsay rule.)

In this case, the existence of a letter to Deputy Attorney General Barr, issued by the office of the attorney

general, and bearing his authentic signature, constitutes proof that the person to whom it is addressed has been "designated in writing by the attorney general" as required by the statute. This is true regardless of the state of mind of anyone at the attorney general's office. Thus, the purpose of admitting the letter at the hearing was not to prove that Mr. Preate was telling the truth when he authorized Ms. Barr to approve consensual wiretaps, but simply to prove that this written authorization does, in fact, exist. Assuming that we find credible the testimony concerning its authenticity, the letter is admissible as proof that the statutory requirement of written authorization has been met. For this purpose, it is not hearsay.

The Commonwealth has argued in the alternative that, even if the letter is hearsay, it can still be admitted under either the "business records" exception or the "official statements" exception to the hearsay rule. Since we have determined that the letter is not hearsay, we have no need to consider whether either of these exceptions would be applicable.

The court's ruling against the admissibility of the letter on July 8, 1994, is reversed.

## ORDER

Now, September 12, 1994, the court holds, on reconsideration of an earlier ruling, that the letter from Attorney General Ernest D. Preate Jr., to Deputy Attorney General Linda H. Barr, offered in evidence by the Commonwealth at the July 8, 1994, hearing, as proof of compliance with 18 Pa.C.S. §5704(2)(ii), is not hearsay and is admissible evidence.